IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DOMINICK DEROSA,<br><br>    Defendants.<br>_____/ | No. CR 00-0213 WHA<br><br>**MEMORANDUM OPINION REGARDING SENTENCE** |

Because of confusion expressed by the Assistant United States Attorney after the sentence was imposed, this memorandum restates in writing what the Court said on the record. Defendant DeRosa was a high-ranking official in HBOC and was instrumental in the securities fraud perpetrated at HBOC and for which three others have been convicted. Defendant DeRosa was the keeper of the fraud in that his desk drawer was the clearinghouse for all side letters, kept in his desk drawer until, if ever, the contingency closed. His desk drawer was a hiding place used to keep the side letters from the auditors. It is true that he left the company but only after much of the HBOC fraud had been committed. It is also true that he did not go to McKesson and continue the fraud as did the other three defendants. He deserves (and has received) consideration for these differences.

The guideline range is 15 to 21 months for the offense to which defendant was allowed to plead. Having heard all of the evidence at the McCall trial, the Court is convinced that, but for his cooperation, this range is already quite lenient given the role defendant had in

perpetrating the HBOC fraud. Without doubt, he would deserve at least the top end of the range before consideration of his cooperation.

With respect to leniency due to cooperation, the Court agrees leniency is warranted, for Defendant DeRosa was an important witness in the McCall trial, among other reasons stated by the government. A probation sentence, as urged by the government, is not warranted, however.

Under the statutory sentencing factors, it is important that deterrence be considered, meaning that a sentence, the minimum sentence, should be chosen that will deter others similarly situated to defendant from choosing the fraud path rather than the honest path when they are on the verge of a securities scheme. The need to encourage cooperation (and thus leniency for cooperation) must be balanced against the need for deterrence in the first place. Perpetrators should not be allowed to think that if they do get caught they can avoid prison by cooperating their way out of the scandal. A prison term for white-collar perpetrators is a deterrent.

Balancing these considerations, the Court concluded that a prison term of one year and one day was best, as stated at the hearing. It is true that this is nine months lower than the top end of the range but it is as low as should be tolerated to achieve a necessary deterrent effect, the top end of the range already being low for the offense to which defendant was allowed to plead.

This sentence is generous by comparison to the two other cooperators previously sentenced. Defendant/cooperator Bergonzi received 41 months and defendant/cooperator Jay Gilbertson received 24 months.

**IT IS SO ORDERED.**

Dated: April 28, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2